United States District Court
Southern District of Texas
FILED

SEP 2 5 2007

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. B-07-CR-483-S-1 |
| CARDENAS AUTOPLEX, INC. | § | |

## PLEA AGREEMENT

The United States of America, by and through Donald J. DeGabrielle, Jr., United States Attorney for the Southern District of Texas and Arthur R. Jones, Assistant United States Attorney, and the defendant, CARDENAS AUTOPLEX, INC., and the defendant's counsel, pursuant to Rules **11(c)(1)(A) and 11(c)(1)(B)** of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### The Defendant's Agreement

1.      The defendant agrees this Agreement will be executed by an authorized representative. The defendant further agrees a Resolution duly adopted by the Board of Directors of Cardenas Autoplex, Inc., attached to this agreement as Attachment 1, represents that the signatures on this Agreement by counsel for Cardenas Autoplex, Inc. have been and are authorized by the Board of Directors of Cardenas Autoplex, Inc., on behalf of the

defendant corporation.

2. The defendant agrees to plead guilty to Count One of the Superseding Indictment. Count One charges defendant with **failure to file a report required under Title 31, United States Code, Section 5331, and the regulations promulgated thereunder, in violation of Title 31, United States Code, Sections 5324 and 5331; and Title 31, Code of Federal Regulations, Sections 103.11 and 103.30.** The defendant, by entering this plea agrees that defendant is waiving any right to have the facts that the law makes essential to the punishment or sentence either charged in the indictment, or proved to a jury or proven beyond a reasonable doubt.

3. The defendant agrees the amount of monetary loss for sentencing purposes under USSG § 2B1.1(b) is $78,000.

## Punishment Range

4. The **statutory** maximum penalty for each violation of Title 31, United States Code, Sections 5324 and 5331, is a possible period of probation of from one (1) to five (5) years and a fine of up to $500,000.00. Title 18, U.S.C. §§ 3551(c), 3561(c) and 3571(c).

## Mandatory Special Assessment

5. Pursuant to Title 18, U.S.C. § 3013(a)(2)(B), immediately after sentencing, defendant will pay to the Clerk of the United States District Court a special assessment in the

amount of four hundred dollars ($400.00) per count of conviction. The payment will be by cashier's check or money order payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

### Fine and Reimbursement

6. Defendant understands that under the statue of conviction and the Sentencing Guidelines, the Court is permitted to order the defendant to pay a fine as part of any adjudged sentence in this case.

7. Defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately, and defendant will not attempt to avoid or delay payment.

8. Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500) prior to sentencing if defendant is requested to do so. In the event that the Court imposes a fine or orders the payment of restitution as part of the Defendant's sentence, the Defendant shall make complete financial disclosure by truthfully executing a sworn financial statement immediately following defendant's sentencing.

### Waiver of Appeal

9. Defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The defendant agrees to waive the right to appeal the conviction and the sentence imposed or the manner in which it was determined.

Additionally, the defendant is aware that Title 28, U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant waives the right to contest defendant's conviction or sentence by means of any post-conviction proceeding.

10.   In agreeing to these waivers, defendant is aware that a sentence has not yet been determined by the Court. The defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that defendant may have received from defendant's counsel, the United States or the Probation Office, is a prediction, not a promise, **did not induce defendant's guilty plea**, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the <u>United States Sentencing Guidelines</u> are "effectively advisory" to the Court. *United States v. Booker*, 125 S.Ct. 738 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence defendant within the calculated guideline range.

11.   The defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

**The United States' Agreements**

12. The United States agrees to each of the following:

(a) If defendant pleads guilty to Count One of the Superseding Indictment and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will move to dismiss any remaining counts of the Superseding Indictment against any defendant at the time of sentencing;

(b) At the time of sentencing, the United States agrees to recommend the Court hold the defendant accountable for a monetary loss under USSG § 2B1.1(b) of not more than $78,000; and

(c) At the time of sentencing, the United States agrees to recommend the Court assess the defendant a culpability score of 4 under USSG § 8C2.5.

**United States' Non-Waiver of Appeal**

13. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

(a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b) to set forth or dispute sentencing factors or facts material to sentencing;

(c) to seek resolution of such factors or facts in conference with defendant's counsel and the Probation Office;

(d) to file a pleading relating to these issues, in accordance with U.S.S.G. Section 6A1.2 and Title 18, U.S.C.§ 3553(a); and,

(e) to appeal the sentence imposed or the manner in which it was determined.

## Sentence Determination

14. Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, U.S.C. § 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

## Rights at Trial

15. Defendant represents to the Court that defendant is satisfied that defendant's attorney has rendered effective assistance. Defendant understands that by entering into this agreement, defendant surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

(a) If defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the defendant, the United States, and the court all agree.

(b) At a trial, the United States would be required to present witnesses and other evidence against the defendant. Defendant would have the opportunity to confront those witnesses and defendant's attorney would be allowed to cross-examine them. In turn, the defendant could, but would not be required to, present witnesses and other evidence on defendant's own behalf. If the witnesses for defendant would not appear voluntarily, defendant could require their attendance through the subpoena power of the court.

(c) At a trial, defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if the defendant desired to do so, defendant could testify on defendant's own behalf.

**Factual Basis for Guilty Plea**

16. Defendant is pleading guilty because defendant _is_ guilty of the charges contained in Count One of the Superseding Indictment. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish the Defendant's guilt:

   a. At all times relevant to the Superseding Indictment, the defendant, Cardenas Autoplex, Incorporated, was a Texas corporation operating in Cameron County, Texas and was primarily engaged in the sale of automobiles. This corporation was also considered a nonfinancial trade

or business as defined under Title 31, United States Code, Section 5312(a)(4).

b. At all times relevant to the Superseding Indictment, federal law required a nonfinancial trade or business that received more than $10,000 in coins or currency in one transaction, or two or more related transactions, to file a report regarding this transaction(s) with the Financial Crimes Enforcement Network (FinCEN) within fifteen days of the transaction(s). This reporting requirement was solely the responsibility of the nonfinancial trade or business, and was not the responsibility of the purchaser.

c. On or about July 29, 2003, at or near Brownsville, Texas, the defendant, CARDENAS AUTOPLEX, INC., entered into an agreement with Vianey Garza whereby Ms. Garza was to purchase a 2003 Mercedes-Benz E55 automobile, VIN number WDBUF76J23A327540, from the defendant for a total price of $86,701.11. Of this price, the defendant gave Ms. Garza a trade-in allowance of $42,411.76, leaving a balance of $44,289.35 for this automobile.

d. Ms. Garza subsequently made three (3) cash payments on this

remaining balance to the defendant for this automobile. Ms. Garza made the first payment to the defendant on or about July 29, 2003 in the amount of $20,000.00. Ms. Garza made the second payment to the defendant on or about August 1, 2003, in the amount of $18,500.00. Ms. Garza made the third payment to the defendant on or about August 26, 2003 in the amount of $5,789.35. These three cash payments to the defendant totaled $44,289.35, and paid in full the remaining balance on the automobile.

e. The three cash payments Ms. Garza made were all related transactions, as each of them was payment for the same Mercedes-Benz automobile. Title 31, United States Code, Section 5331, and the regulations promulgated thereunder, required the defendant to file an IRS Form 8300 in connection with the cash portions of the sale of this Mercedes-Benz automobile to Ms. Garza, within fifteen (15) days of these cash transaction(s). The last cash payment occurred on or about August 26, 2003, and fifteen days from this date would have been September 10, 2003.

f. On or about September 12, 2003, the defendant, CARDENAS

AUTOPLEX, INC., did knowingly, willfully and for the purposes of evading the reporting requirements of Section 5331 of Title 31, United States Code, and the regulations promulgated thereunder, fail to file an IRS Form 8300 as required by the receipt of over $10,000 in United States currency by Cardenas Autoplex, Inc. in connection with the sale of the 2003 Mercedes-Benz E55 automobile, VIN number WDBUF76J23A327540, to Vianey Garza, in violation of Title 31, United States Code, Sections 5324 and 5331; and Title 31, Code of Federal Regulations, Sections 103.11 and 103.30.

## Breach of Plea Agreement

17.    If defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and the defendant's plea and sentence will stand.  If at any time defendant retains, conceals, or disposes of assets in violation of this plea agreement, or if defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

## Complete Agreement

18. This written plea agreement, consisting of 11 pages, constitutes the complete plea agreement between the United States, defendant and defendant's counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. Defendant acknowledges that no threats have been made against him/her and that defendant is pleading guilty freely and voluntarily because defendant is guilty.

19. Any modification of this plea agreement must be in writing and signed by all parties.

Filed at Brownsville, Texas, on _____9-25_____, 2007

_____
CARDENAS AUTOPLEX, INC.
Defendant
Signed by Counsel with Approval of
Board of Directors (Attachment 1)

Subscribed and sworn to before me on __September 25__, 2007.

MICHAEL N. MILBY, Clerk
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:

DONALD J. DeGABRIELLE, JR.
United States Attorney

By: _____     _____
ARTHUR R. JONES                    JOHN PATRICK SMITH and ERIC REED
Assistant United States Attorney   Attorneys for Defendant

Page 11 of 11

## Minutes of the Board of Directors Meeting

For Cardenas Autoplex, Inc.

Dated 9/14/2007

On the 14th Day of September, 2007 a special meeting of the Board of Directors of Cardenas Autoplex, Inc. was held at 2:00 p.m. in Brownsville, Texas. All members of the board of directors were present. The only item on the agenda was the adoption of a resolution giving the corporation's attorneys, Mr. John Patrick Smith and Mr. Eric Reed, authority to enter into the attached plea agreement with the United States Government regarding the pending case against the corporation.

Upon a motion duly made by Renato G. Cardenas and seconded by Edith McCumber the following resolution was passed:

IT IS RESOLVED that in the best interests of the corporation, Cardenas Autoplex, Inc. hereby grants authority to Mr. John Patrick Smith and Mr. Eric Reed to appear on behalf of the corporation and represent the corporation before the United States District Court of the Southern District of Texas and enter a Plea of Guilty to Count One of the Superseding Indictment charging the failure to file a report required under Title 31 United States Code § 5331, that is a IRS form 8300 in connection with the sale of an automobile as indicated on the attached Plea Agreement, on behalf of the corporation and represent the corporation in all further matters and proceedings having to do with this indictment.

Resolved and approved on this the 14,th Day of September, 2007.

_____          _____
Renato G. Cardenas, President                    Edith McCumber, Secretary